# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| | **ORDER** |

This Document Relates To:
Case Nos.:  16-cv-826 (*Starnes v. 3M Co., et al.*)
    16-cv-1338 (*Hartzel v. 3M Co., et al.*)
    16-cv-1834 (*Newcomb v. 3M Co., et al.*)
    16-cv-1847 (*Rivers v. 3M Co., et al.*)
    16-cv-2156 (*Busby v. 3M Co., et al.*)
    16-cv-2212 (*Pettersen v. 3M Co., et al.*)
    16-cv-2374 (*Upton v. 3M Co., et al.*)
    16-cv-2395 (*Nadeau v. 3M Co., et al.*)
    16-cv-2661 (*Davis v. 3M Co., et al.*)
    16-cv-2711 (*Miller, et al. v. 3M Co., et al.*)
    16-cv-2750 (*Brannon v. 3M Co., et al.*)
    16-cv-2787 (*Hood, et al. v. 3M Co., et al.*)
    16-cv-2959 (*Novak v. 3M Co., et al.*)
    16-cv-4353 (*Butkus v. 3M Co., et al.*)
    16-cv-4412 (*Gill v. 3M Co., et al.*)
    16-cv-4418 (*Burks v. 3M Co., et al.*)
    17-cv-188 (*Stouffer v. 3M Co., et al.*)
    17-cv-299 (*Raymond v. 3M Co., et al.*)
    17-cv-350 (*Sanders v. 3M Co., et al.*)
    17-cv-597 (*Perez v. 3M Co., et al.*)

---

Defendants 3M Company and Arizant Healthcare Inc. moved to dismiss twenty-two actions, including those listed above, for Plaintiffs' failure to comply with a court order, Pretrial Order No. 14 ("PTO 14"). Mot. to Dismiss ("Motion"), 15-md-2666 Dkt. No. 637. Defendants withdrew the Motion as to Terry and Dana Hood (16-cv-2787). Hulse Ltr., 15-md-2666 Dkt. No. 664. Plaintiffs Joanne Buttacavoli (16-cv-2626) and Althea Magee (16-cv-2481) stipulated to dismiss their claims with prejudice. Stip., 16-cv-2626 Dkt. No. 7; Stip., 16-cv-2481 Dkt. No. 7. Plaintiffs Edward Brannon (16-cv-

2750) and John W. Butkus, Jr. (16-cv-4353) opposed late.  Brannon's Opp'n, 15-md-2666 Dkt. No. 677 (filed Aug. 16, 2017, due Aug. 10, 2017); Butkus's Opp'n, 15-md-2666 Dkt. No. 668 (filed Aug. 14, 2017, due Aug. 10, 2017).  The remaining Plaintiffs did not oppose.  The Court held a hearing on the Motion on August 17, 2017 and decided the Motion on the record.  The Court now memorializes its rulings and provides more reasoning.

## I. Denial of Motion without prejudice to renew as to Plaintiffs Brannon and Pettersen

At the hearing, counsel for Plaintiffs Edward Brannon (16-cv-2750) and Raymond Pettersen (16-cv-2212) responded.  The night before the hearing, Brannon served a Plaintiff Fact Sheet ("PFS") that he believes complies with PTO 14.  At the hearing, Plaintiffs' counsel asserted that Pettersen cannot comply with PTO 14 because he is in hospice care.  On these facts, the Court **DENIED** the Motion as to Brannon and Pettersen *without prejudice to renew*.

## II. Dismissal with prejudice as to remaining seventeen cases

The Court **GRANTED** the Motion for the remaining seventeen cases.  The Court may dismiss an action with prejudice "[i]f the plaintiff fails to prosecute or to comply with a court order."  Fed. R. Civ. P. 41(b).  Even if a mere failure to respond, noncompliance with a court order can "constitute[] a pattern of intentional delay meriting dismissal with prejudice" under Rule 41(b).  *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992) (affirming dismissal under R. 41(b) when plaintiffs failed to respond to a discovery request and the follow-up court order, because the trial court gave them an opportunity to cure and an express warning about dismissal).  By

PTO 14, the Court here ordered Plaintiffs to respond to a request for information in lieu of discovery. *See* PTO ¶¶ 2-4 (requiring PFS service, verification and "core" facts). The Court provided an opportunity to cure. *Id.* ¶¶ 6-8 (providing that dismissal can happen only after a three-week long meet-and-confer process and then "two sequential court conferences" each one month apart). And the Court warned expressly of dismissal. *Id.* ¶ 8 (warning that "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party"). Besides, when Defendants moved to dismiss the Plaintiffs here, the Court had already ruled on two earlier motions to dismiss as to other plaintiffs failing to comply with PTO 14. Order, 15-md-2666 Dkt. No. 622 (July 24, 2017); Order, 15-md-2666 Dkt. No. 577 (June 16, 2017). Thus, if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay for which the Court may dismiss her action with prejudice under Rule 41(b).

The Court need not consider lesser sanctions if, as here, "plaintiffs are preventing the defendants from completing discovery." *First Gen.*, 958 F.2d at 206. Even if the Court were to consider the proffered lesser sanction of dismissal without prejudice, Plaintiffs must explain why this lesser sanction would be effective given that prior warnings had failed. *See id.* at 206 (affirming dismissal with prejudice because "the district court already found lesser sanctions ineffective"). These failed prior warnings include those built into PTO 14 and the prior dismissal orders as to other plaintiffs, described above. Plaintiffs here did not explain why lesser sanctions would work when

3

prior warnings had failed. *See, e.g.*, Perez's Resp., 15-md-2666 Dkt. No. 655. Dismissal with prejudice was thus the appropriate sanction.

PTO 14 provides for service of PFSs in lieu of interrogatories. *Cf.* Fed. R. Civ. P. 33. By completing PFSs, Plaintiffs disclose facts material to their claims that would otherwise be disclosed in traditional discovery. To allow the Court to manage this MDL and to allow the parties to fairly negotiate settlement or advance to trial, Plaintiffs must disclose these facts on the schedule that they negotiated and submitted to the Court for adoption. *See Manual for Complex Litigation* § 22.83 (4th ed. 2004) (recommending that, with the parties' guidance, courts create tools other than interrogatories to "prevent multiple requests for the same information").

Defendants argued that Plaintiffs had either not served PFSs, *see* PTO 14 ¶ 2 (requiring service), or if they had served, served unverified and deficient PFSs, *see id.* ¶ 3 (requiring verification under oath); *id.* ¶ 4 (listing "core deficiencies" in responses that justify dismissal). Defendants cited defects in PFS responses about core facts such as medical condition (PFS section IV, parts 1, 7, 8 and 10), insurance coverage (PFS section V, all parts) and alleged economic damages (PFS section VII, parts 1-2). Defendants had timely notified Plaintiffs of these defects. *See* PTO 14 ¶ 6. Because Plaintiffs had failed to resolve these defects despite notice and appearing on the status-conference agenda for two sequential conferences (June 9, 2017 and July 14, 2017), Defendants had validly moved to dismiss. *See id.* ¶ 8.

**A. Plaintiffs Marilyn Burks (16-cv-4418), Larry Gill (16-cv-4412), Thomas and Janet Miller (16-cv-2711), Lise Nadeau (16-cv-2395), Jerline Newcomb (16-cv-1834), Daniel Novak (16-cv-2959) and Phyllis Starnes (16-cv-826) did not respond to the Motion.**
The Court **DISMISSED** these seven actions *with prejudice* under Rule 41(b) for Plaintiffs' failure to comply with PTO 14 and to prosecute their cases.

**B. Plaintiffs Jeffery Busby (16-cv-2165), Lolethia Davis (16-cv-2661), Rex Hartzel (16-cv-1338), Debora Perez (17-cv-597), Philip Raymond (17-cv-299), Minnie Rivers (16-cv-1847), Walter Sanders (17-cv-350), William Stouffer (17-cv-188) and Patrick Upton (16-cv-2374) did not oppose the Motion.**
For the nine cases listed above, counsel submitted a log of attempts to solicit Plaintiffs' interest in prosecuting their cases. These submissions did not oppose the Motion because they neither disputed Defendants's contentions nor excused Plaintiff's noncompliance. *Compare* Order, 15-md-2666 Dkt. No. 622, at 2 (deeming log of "unsuccessful attempts to enlist the client's cooperation" non-opposition), *with, e.g.*, Perez's Resp., 15-md-2666 Dkt. No. 655 ¶¶ 4-6 ("Efforts to contact [Plaintiff] to inform her of the Plaintiff Fact Sheet and other necessary steps of the litigation . . . were unsuccessful. . . ."). In fact, all these Plaintiffs had not responded to counsel for at least six months. *See, e.g.*, Perez's Resp. ¶¶ 4-6. Still, counsel requested a 120-day extension or dismissal without prejudice. The Court rejected these requests as unjustified. *See, e.g.*, *id.* ¶ 7 ("[T]he undersigned counsel is without any knowledge of circumstances that may preclude Plaintiff from responding to the counsel's contact. . . ."). The Court thus **DISMISSED** these nine actions *with prejudice* under Rule 41(b) for Plaintiffs' failure to prosecute and failure to comply with PTO 14.

**C. Plaintiff John W. Butkus, Jr. (16-cv-4353) opposed the Motion late and cured inadequately, serving an incomplete PFS.**

The Court rejected Butkus's as-styled opposition to the Motion and his service of an incomplete PFS, both late, as "eleventh-hour attempt[s] to cure" PTO 14 violations. *See Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1222 (8th Cir. 1998) (affirming dismissal despite plaintiff's late attempt to cure). The Court ruled for Defendants as to Butkus for four reasons in sum. First, Butkus opposed late. Butkus's Opp'n, 15-md-2666 Dkt. No. 668 (filed Aug. 14, 2017, due Aug. 10, 2017). Second, although Butkus's counsel served a PFS on August 11, 2017, *id.* at 2-3, it was due more than three months prior on April 21, 2017, which was already extended from PTO 14's due date. *See* PTO 14 ¶ 2 (requiring PFS service "90 days after [Butkus's] filing"); *id.* at 1 ("Mr. Butkus's claim herein was filed December 27, 2016."). Third, the served PFS was unverified or contained core deficiencies. Butkus's Opp'n at 4 (arguing that personal difficulties "delayed [Butkus's] ability to provide all of the details required by PTO 14"). And fourth, Butkus had stopped responding to counsel "on or about April 6, 2017." *Id.* at 2-3; *see* Order, 15-md-2666 Dkt. No. 622, at 2 (deeming log of "unsuccessful attempts to enlist the client's cooperation" non-opposition).

The Court rejected Butkus's two counterarguments. First, the Court cannot accept Butkus's attempt to cure PFS non-service with a deficient PFS as absolving him of the above delays. If the Court were to, then Butkus could return to the calendar for dismissal for PTO 14 violations with a clean slate, this time under the deficiency provisions instead of the non-service provision. *Compare* PTO 14 ¶¶ 3-4, *with* PTO 14 ¶ 2. The Court will not allow Plaintiffs to double-dip into PTO 14's opportunities to cure. *See id.* at ¶ 8

(requiring Defendants to list delinquent plaintiffs "on the agenda for two sequential court conferences" each one month apart before moving to dismiss). And second, the Court declined to excuse Butkus on the grounds his counsel had proffered, which were unsubstantiated and otherwise belied by Butkus's refusal to engage with that counsel. *See* Mem. Opp'n, 15-md-2666 Dkt. No. 668, at 2-3. The Court thus **DISMISSED** Butkus's action *with prejudice* under Rule 41(b) for his failing to prosecute and to comply with PTO 14.

**III. Stay of Dismissal as to decedent Plaintiffs Upton and Rivers**

Counsel for Plaintiffs Minnie Rivers (16-cv-1847) and Patrick Upton (16-cv-2374) requested an extension to comply with PTO 14 because these Plaintiffs had died. Rivers's Opp'n, 15-md-2666 Dkt. No. 665 ¶ 4; Upton's Opp'n, 15-md-2666 Dkt. No. 657 ¶ 4. Plaintiffs' successors and counsel had known about Plaintiff's death and claims against Defendants since November 2016. *Id.* To allow Plaintiffs to argue why these actions should not be dismissed, which includes answering how counsel had Plaintiffs' authority to serve their PFSs after their death, the Court **STAYED** this dismissal order for two weeks from the date of the hearing as to Rivers and Upton.

Therefore, based on the files, records, and proceedings herein, IT WAS

ORDERED THAT:

1. Defendants 3M Company and Arizant Healthcare Inc.'s Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("Motion") [Dkt. No. 637] was GRANTED IN PART, DENIED IN PART and STAYED IN PART as stated below.

2. The Motion was DENIED as moot as to 16-cv-2787 (*Hood, et al. v. 3M Co., et al.*).

3. The Motion was DENIED without prejudice to renew as to 16-cv-2212 (*Pettersen v. 3M Co., et al.*) and 16-cv-2750 (*Brannon v. 3M Co., et al.*).

4. The following cases were DISMISSED WITH PREJUDICE: Nos. 16-cv-826 (*Starnes v. 3M Co., et al.*), 16-cv-1338 (*Hartzel v. 3M Co., et al.*), 16-cv-1834 (*Newcomb v. 3M Co., et al.*), 16-cv-1847 (*Rivers v. 3M Co., et al.*), 16-cv-2156 (*Busby v. 3M Co., et al.*), 16-cv-2374 (*Upton v. 3M Co., et al.*), 16-cv-2395 (*Nadeau v. 3M Co., et al.*), 16-cv-2661 (*Davis v. 3M Co., et al.*), 16-cv-2711 (*Miller, et al. v. 3M Co., et al.*), 16-cv-2959 (*Novak v. 3M Co., et al.*), 16-cv-4353 (*Butkus v. 3M Co., et al.*), 16-cv-4412 (*Gill v. 3M Co., et al.*), 16-cv-4418 (*Burks v. 3M Co., et al.*), 17-cv-188 (*Stouffer v. 3M Co., et al.*), 17-cv-299 (*Raymond v. 3M Co., et al.*), 17-cv-350 (*Sanders v. 3M Co., et al.*) and 17-cv-597 (*Perez v. 3M Co., et al.*).

5. This Order was STAYED until August 31, 2017 as to 16-cv-1847 (*Rivers v. 3M Co., et al.*) and 16-cv-2374 (*Upton v. 3M Co., et al.*).

Dated: August 25, 2017            s/ Joan N. Ericksen
                                                                                              JOAN N. ERICKSEN
                                                                                     United States District Judge